IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-06-546 (4) |
| | § | |
| LARRY E. MCCULLER, | § | |
|     Defendant. | § | |

**ORDER DENYING WITHOUT PREJUDICE**
**LETTER MOTION FOR DOCUMENTS AND TRANSCRIPTS**

Pending before the Court is a letter motion for copies of documents and transcripts, filed by Defendant Larry E. McCuller ("McCuller" or "Defendant") and received by the Clerk on December 3, 2007. (D.E. 125.) In it, Defendant requests that he be provided with free copies of the "transcripts from start to finish" of his court proceedings. (D.E. 125 at 1.) He has also provided a completed transcript order form, in which he lists various transcripts and documents that he seeks. (D.E. 125 at 2.) In a separate motion for appointment of counsel, filed on December 7, 2007, and denied by Chief Judge Hayden Head in an order entered December 10, 2007 (D.E. 128), Defendant states that he intends to file a motion pursuant to 28 U.S.C. § 2255. (D.E. 127 at 2.) Thus, he presumably seeks the transcripts and documents in order to prepare his § 2255 motion.

Assuming that Defendant could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976).

---

[1] Defendant has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the undersigned resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Defendant is, in fact, indigent.

The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous.  28 U.S.C. § 753(f).

Defendant was sentenced on March 15, 2007. (D.E. 104).  Judgment of conviction was entered against him on March 19, 2007.  (D.E. 105).  He did not appeal and has not yet filed any post-conviction motions.  Thus, he has no pending suit before the Court.  Although he apparently seeks the transcripts in order to file a § 2255 motion, no such motion has yet been filed.  Accordingly, he fails to meet the statutory requirements for free transcripts or documents.  28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Defendant is seeking documents and transcripts at government expense, his motion is DENIED WITHOUT PREJUDICE.  In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts.  The undersigned further notes that Defendant is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case.  Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

If Defendant is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them.  To that end, the Clerk is directed to provide Defendant with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

## CONCLUSION

For the foregoing reasons, Defendant's motion (D.E. 125) is DENIED WITHOUT PREJUDICE. The Clerk is directed, however, to send a copy of a blank § 2255 form to Defendant and a copy of the docket sheet in this case, along with instructions for ordering transcripts or copies of other court records.

ORDERED this 13th day of December, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE