IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-546(4) |
| | § | C.A. No. C-08-57 |
| LARRY E. MCCULLER, | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
SETTING EVIDENTIARY HEARING, APPOINTING COUNSEL,
AND ORDERING A RESPONSE TO MOVANT'S AMENDED § 2255 MOTION**

Pending before the Court are Larry E. McCuller's ("McCuller") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 135) and his amended § 2255 motion.[1] (D.E. 149.) In his initial motion, the sole claim McCuller raised was a claim that he requested that his appointed counsel, Robert A. Berg, file an appeal and that his counsel failed to do so. In its response, the government acknowledges that this claim can not be resolved on the basis of the current record and that an evidentiary hearing is warranted. (D.E. 151 at 10-11.) The Court agrees.

Accordingly, an evidentiary hearing will be held to address McCuller's claim that his counsel failed to file an appeal despite being asked to do so. Additionally, as discussed herein, McCuller is entitled to counsel for purposes of the evidentiary hearing.

As to the additional claims raised in McCuller's amended § 2255 motion (and to which the government has not responded), the Court withholds ruling on those grounds at

---

[1] Docket entry references are to the criminal case, CR. No. C-06-546.

this time.[2]  If the Court rules in McCuller's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal.  United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal).  If that occurs, it will be unnecessary to address McCuller's remaining claims until after the resolution of his direct appeal, if at all.  Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).  If, at the conclusion of the hearing, the Court denies McCuller's ineffective assistance claim concerning the alleged failure to appeal, it will then address McCuller's remaining grounds for relief.

Although the Court is not now ruling on those additional grounds for relief, the

---

[2] McCuller's amended § 2255 motion was filed one day before the government's response to his § 2255 motion.  It raises an additional six grounds for relief: (1) his counsel was ineffective for failing to challenge McCuller's extradition to Texas; (2) his counsel "lied" to him and told him that he would receive a 60-month sentence in order to induce McCuller to plead guilty; (3) counsel was ineffective for failing to raise certain objections to McCuller's Presentence Investigation Report; (4) counsel was ineffective during plea negotiations in that he mistakenly advised McCuller to plead guilty, failed to negotiate a "favorable" plea agreement and failed to present alibi evidence; (5) counsel was unreasonable for failing to object to a government witness' testimony at sentencing, and failing to prepare for that witness or to present an alibi for McCuller; and (6) counsel was ineffective because he threatened to withdraw from representing McCuller and told him that if he did not plead guilty, counsel would ensure, due to his long-standing friendship with the judge, that McCuller would receive a 20-year sentence.

government is nonetheless required to file a written response to those claims not later than the last business day before evidentiary hearing.

## **CONCLUSION**

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether McCuller was denied effective assistance of counsel due to his counsel's alleged failure to appeal. McCuller is entitled to be represented by counsel at the hearing. See RULES GOVERNING SECTION 2255 MOTIONS 8(c). Thus, McCuller's motion for appointment of counsel (D.E. 148) is GRANTED. The Court hereby appoints Kimberly S. Keller, 13423 Blanco Rd. #300, San Antonio, TX 78516, (210) 857-5867 to represent McCuller at the evidentiary hearing. The Clerk is directed to forward a copy of this order to Ms. Keller, in addition to McCuller and counsel for the United States.

*An evidentiary hearing is set for 9:00 a.m. on Thursday, August 14, 2008.*

Additionally, the government is ordered to respond to the additional grounds for relief set forth in McCuller's amended motion not later than the last business day before the evidentiary hearing.

It is so ORDERED this 9th day of June, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE